# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60349

In The Matter Of: PREMIER ENTERTAINMENT BILOXI LLC, doing business as Hard Rock Hotel & Casino Biloxi; PREMIER FINANCE BILOXI CORP

Debtors

-----------------------------------------------------------------------

PREMIER ENTERTAINMENT BILOXI LLC, doing business as Hard Rock Hotel & Casino Biloxi; PREMIER FINANCE BILOXI CORP

Appellees

v.

PACIFIC INVESTMENT MANAGEMENT COMPANY LLC; DEUTSCHE ASSET MANAGEMENT; WESTERN ASSET MANAGEMENT; CASTLERIGG MASTER INVESTMENTS LTD

Appellants

-----------------------

In The Matter Of: PREMIER ENTERTAINMENT BILOXI LLC, doing business as Hard Rock Hotel & Casino Biloxi; PREMIER FINANCE BILOXI CORP

Debtors

-----------------------------------------------------------------------

No. 08-60349

U.S. BANK NATIONAL ASSOCIATION

Appellant

v.

PREMIER ENTERTAINMENT BILOXI LLC, doing business as Hard Rock
Hotel & Casino Biloxi; PREMIER FINANCE BILOXI CORP

Appellees

---

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1058

---

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether this bankruptcy appeal is equitably moot. The bankruptcy court, in July 2007, confirmed Debtors' chapter 11 plan. Appellants appealed to district court, raising various challenges to the confirmed plan; the appeal was dismissed as equitably moot. Here, Appellants challenge the equitable-mootness dismissal and, additionally, re-urge several challenges to the confirmed plan. Because this appeal is equitably moot, it is DISMISSED.

I.

Debtors are Premier Entertainment Biloxi LLC and Premier Finance Biloxi Corporation (collectively, Premier). Premier owns and operates Hard Rock Hotel and Casino (Hard Rock) in Biloxi, Mississippi. Appellants are U.S. Bank National Association, trustee for an indenture under which Premier issued

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$160 million in notes, and several creditors (Noteholders), which held notes outstanding as of the commencement of Premier's bankruptcy proceedings.

The notes, secured by Premier's assets, were issued in January 2004 to finance Hard Rock's construction and operation. The notes accrued interest at a fixed rate of 10.75 percent per annum, with the principal due at maturity in February 2012, and had prepayment penalties, including a prohibition against prepaying any of the outstanding principal until February 2008. Moreover, certain prepayments could be made only after depositing defined sums of money with U.S. Bank to pay various prepayment penalties.

Only days before its scheduled opening, Hard Rock was severely damaged by Hurricane Katrina. The district court stated:

> After the hurricane, the Noteholders and Premier could not agree on the amount of insurance coverage that should be obtained on the damaged structure or who should control insurance proceeds that were paid as a result of the hurricane damage to the structure . . . . [In September 2006], Premier filed chapter 11 bankruptcy petitions. [In July 2007], over the objections of the Noteholders and [U.S. Bank], the Bankruptcy Court confirmed Premier's Joint Plan of Reorganization. The Reorganization Plan provides a 100% recovery for creditors with allowed claims. It also provides that the Noteholders will receive the principal plus the accrued unpaid interest through the effective date of the plan. *The Noteholders claimed that they were also entitled to a prepayment penalty. As a result, the Reorganization Plan provides that funds representing the amount of the prepayment penalty will be held in escrow until the Bankruptcy Court determines whether the Noteholders are entitled to the prepayment penalty.*

*Pac. Inv. Mgmt. Co. LLC v. Premier Entm't Biloxi LLC* (*In re Premier Entm't Biloxi LLC*), Nos. 1:07-CV-1058, 1:07-CV-1222 (S.D. Miss. 19 Mar. 2008) (unpublished district court opinion and order granting Premier's motion to dismiss) (emphasis added).

Concerning the prepayment-penalties dispute, the confirmed plan created an escrow account; required Premier to deposit funds into it; allowed creditors

believing themselves entitled to the penalties to litigate, *after* plan confirmation, entitlement to those penalties; and, therefore, through the escrow account, established a means to pay creditors determined to be entitled to the penalties. Consistent with this plan, and in accordance with the bankruptcy court's orders, Premier deposited $13.7 million into the escrow account; and it deposited an additional $1 million into that account for the attorney's fees that may be incurred by U.S. Bank during the adversary proceeding prepayment-penalty litigation contemplated by the plan.

In August 2007, the Noteholders and U.S. Bank appealed to district court the bankruptcy court's July 2007 plan confirmation; their appeals were consolidated. In March 2008, the district court granted Premier's motion to dismiss the appeal, holding it equitably moot.

## II.

The Noteholders and U.S. Bank urge, *inter alia*, that the district court erred in dismissing on equitable-mootness grounds. Such dismissals are reviewed *de novo*. *E.g.*, *United States ex rel. FCC v. GWI PCS 1 Inc.* (*In re GWI PCS 1 Inc.*), 230 F.3d 788, 799-800 (5th Cir. 2000). Along that line, our court "reviews the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court". *Wooley v. Faulkner* (*In re SI Restructuring, Inc.*), 542 F.3d 131, 134-35 (5th Cir. 2008). The bankruptcy court's conclusions of law, and of mixed law and fact, are reviewed *de novo*; its findings of fact, only for clear error. *E.g., Bradley v. Ingalls* (*In re Bradley*), 501 F.3d 421, 428 (5th Cir. 2007).

## A.

Equitable mootness is a doctrine that may be invoked in reviewing a bankruptcy appeal. It is a prudential doctrine, fundamentally different from constitutional mootness.

> Many courts, including our own, . . . have employed the concept of "mootness" to address equitable concerns unique to bankruptcy proceedings. In this context, "mootness" is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions. Consequently, a reviewing court may decline to consider the merits of a confirmation order when there has been substantial consummation of the plan such that effective judicial relief is no longer available – even though there may still be a viable dispute between the parties on appeal.

*Manges v. Seattle-First Nat'l Bank* (*In re Manges*), 29 F.3d 1034, 1038-39 (5th Cir. 1994) (footnote call and internal citation omitted). In determining whether a bankruptcy appeal is equitably moot, our court examines three factors:

> (i) whether a stay has been obtained, (ii) whether the plan has been "substantially consummated," and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan.

*Id.* at 1039.

1.

With respect to the first equitable-mootness factor, Appellants have been twice denied a stay—in bankruptcy and district court. *See In re Premier Entm't Biloxi LLC*, No. 06-50975 (Bankr. S.D. Miss. 10 Aug. 2007) (unpublished bankruptcy court opinion denying motion for stay); *In re Premier Entm't Biloxi LLC*, No. 1:07-MC-1005 (S.D. Miss. 10 Aug. 2007) (unpublished district court opinion and order denying motion for stay).

Notably, the bankruptcy court, in denying a stay, held Appellants did not satisfy any of the four criteria necessary to obtain one. *See In re Premier Entm't Biloxi LLC*, No. 06-50975 (Bankr. S.D. Miss. 10 Aug. 2007) (unpublished bankruptcy court opinion denying motion for stay). (The four criteria necessary for a stay, essentially, are: likelihood of success on the merits; irreparable injury if the stay is not granted; no substantial harm caused to other parties; and grant

would serve the public interest. *See, e.g., Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).)

Appellants urge their failure to obtain a stay is immaterial because, *inter alia*, effective relief is purportedly available without disturbing the confirmed plan and without unduly affecting third parties not before our court. Notwithstanding Appellants' assertions, our court has held that the first equitable-mootness factor concerns whether a stay was *granted*; a stay "diligently—albeit unsuccessfully—pursued" is insufficient. *In re Manges*, 29 F.3d at 1040; *see also Nationwide Mut. Ins. Co. v. Berryman Prods., Inc.* (*In re Berryman Prods., Inc.*), 159 F.3d 941, 944-45 (5th Cir. 1998) ("[The appellant] asserts that because it diligently *pursued* a stay, its failure to *obtain* the stay does not require dismissal of the proceeding as moot. We rejected this argument in *In re Manges*." (emphasis in original)).

Appellants are correct that their failure to obtain a stay, by itself, is not dispositive. On the other hand, because they failed to obtain one, the first equitable-mootness factor does militate toward holding this appeal equitably moot.

2.

The second equitable-mootness factor requires examining whether the plan has been "substantially consummated". Substantial consummation

> means—
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

*In re GWI PCS 1 Inc.*, 230 F.3d at 801 (quoting 11 U.S.C. § 1101(2)). In that regard, our court "requires only 'substantial consummation,' not absolute or complete consummation", *id.* at 802, and looks, *inter alia*, to operation as a

reorganized entity as one indicator of substantial consummation, *see id*. at 798-99 & n.20, 801-02.

Appellees are operating Hard Rock as a reorganized entity and have done at least most (they contend all) of that required of them under the confirmed plan. Indeed, Appellants appear to concede the plan's substantial consummation. In their reply brief, they, instead, urge: "[T]he fact that the Plan has been substantially consummated is not determinative with respect to equitable mootness, given the ability of this Court to grant effective relief".

Appellants are correct to the extent that, as with their failure to obtain a stay, the plan's substantial consummation is not automatically dispositive for equitable mootness. On the other hand, because the plan is substantially consummated, the second equitable-mootness factor, like the first, militates towards equitable mootness.

3.

The third equitable-mootness factor requires examining whether the relief requested would affect either the rights of parties not before the court or the success of the plan. In this regard, the district court voiced its concerns by noting:

> Appellants assert that the relief that they request would not affect either the rights of the parties not before the court or the success of the plan because they only seek to be paid outright the funds that are currently held in escrow. However, the statements of issues on appeal framed by the Appellants are not so limited. The Appellants repeatedly assert that the Bankruptcy Court erred in confirming the Plan, and as a result, they ask this Court to overturn the confirmation of the entire Plan. The overturning of the Plan would create an unmanageable situation for the Bankruptcy Court.

*In re Premier Entm't Biloxi LLC*, Nos. 1:07-CV-1058, 1:07-CV-1222 (S.D. Miss. 19 Mar. 2008) (unpublished district court opinion and order granting Premier's motion to dismiss) (footnote call omitted).

As discussed *infra*, Appellants continue to assert that overturning the confirmed plan would be proper. Along that line, we have the same concerns as did the district court: overturning the plan would, at this late stage, create an unmanageable situation for the bankruptcy court. Moreover, creditors and other third parties who relied on the confirmed plan would undoubtedly be affected. "The ultimate question to be decided [when considering equitable mootness] is whether the Court can grant relief without undermining the plan and, thereby, affecting third parties." *In re SI Restructuring, Inc.*, 542 F.3d at 136.

Appellants also assert that, while overturning the confirmed plan would be appropriate, relief could be afforded simply by ordering the already-set-aside escrow funds to be turned over to them. Our court's providing this proposed relief, however, would necessarily involve overturning the provisions of the confirmed plan that establish the escrow funds and the adversary proceeding.

The bankruptcy court, through its plan confirmation, determined that the Noteholders would first have to establish their entitlement to the money in escrow before those funds would be distributed. This does not deny the Noteholders money to which they may be entitled; instead, it provides a mechanism for confirming that entitlement. Indeed, Appellants concede in their reply brief that, "as provided under the Plan", they have "the right to litigate their entitlement to the Escrow under the adversary proceeding". Accordingly, we decline to order the turnover of funds when Appellants' rights to those funds have not yet been established through the ordered litigation; doing so would amount to an unwinding of the confirmed plan as a whole.

Finally, Appellants additionally urge equitable mootness should not apply because Debtors are purportedly solvent, and the relief sought is purely monetary. Appellants do not, however, point to any precedent from our court supporting this equitable-mootness exception; nor do we find support for this position in our equitable-mootness jurisprudence.

Having reviewed *de novo* the district court's equitable-mootness holding, we agree that the three equitable-mootness factors demonstrate the prudence of that holding. *See In re Manges*, 29 F.3d at 1038-39. Accordingly, we likewise hold this appeal equitably moot.

## B.

As noted, in addition to challenging the equitable-mootness dismissal, Appellants re-urge several challenges to the confirmed plan. Specifically, after discussing equitable mootness in their brief—and after claiming, *inter alia*, they "do not seek to modify the Plan"—Appellants next include a separate section entitled: "THE BANKRUPTCY COURT ERRED WHEN IT CONFIRMED THE PLAN".

The issues raised by Appellants under this heading are, essentially: the confirmed plan is not "fair and equitable"; there were improprieties in the voting process that led to the plan's confirmation; and the plan improperly exculpated Debtors' parent company. All of these issues go to the substantive merits of the plan, or to its confirmation.

Because the district court held this appeal equitably moot, it did not reach these challenges to the confirmed plan. Likewise, because we hold the appeal equitably moot, we may not consider such challenges. *See, e.g.*, *In re GWI PCS 1 Inc.*, 230 F.3d at 803-04.

## III.

For the foregoing reasons, the appeal is DISMISSED.